# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

RODNEY E. HAMILTON                                                              PLAINTIFF

v.                              Case No. 2:18-cv-00100 JTK

ANDREW SAUL, Commissioner,                                                     DEFENDANT
Social Security Administration

## MEMORANDUM AND ORDER

Plaintiff Rodney Hamilton brings this action for review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for disability insurance benefits (DIB) and supplemental security Income (SSI). Both parties have submitted appeals briefs, and the case is ready for decision.[1] The only issue before the Court is whether the Commissioner's decision is supported by substantial evidence. After reviewing the administrative record and the arguments of the parties, the Court finds that the Commissioner's decision is supported by substantial evidence.

### Procedural History

Plaintiff protectively filed his applications for benefits on March 23, 2015, alleging a disability[2] onset date of October 19, 2012, due to hallucinations, back pain, panic attacks,

---

[1] The parties have consented to the jurisdiction of a Magistrate Judge (DE #2).

[2] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).

fibromyalgia, and schizophrenia (Tr. 286). Plaintiff's claims were denied at the initial and reconsideration levels. The Administrative Law Judge (ALJ) held a hearing on April 17, 2017 (Tr. 35-53). Following the hearing, the ALJ issued an unfavorable decision on August 16, 2017, denying Plaintiff's claim (Tr. 12-26) The Appeals Council subsequently denied the request for review (Tr. 1-3). It is from this decision that Plaintiff now brings his appeal.

## Administrative Proceedings

Plaintiff was forty-eight (48) years old at the time of the administrative hearing and had a high school education (Tr. 37). He had past relevant work as an inserting machine operator and construction worker (Tr. 49). The ALJ applied the five-step sequential evaluation process[2] to Plaintiff's claim. Plaintiff satisfied the first step because he had not engaged in substantial gainful activity since October 19, 2012, the alleged onset date (Tr. 17). At Step two, the ALJ found Plaintiff's severe impairments included degenerative disc disease of the lumbar spine post-fusion surgery, psychotic disorder, schizophrenic affective disorder, depression, and anxiety disorder——neither of which alone or in combination met or medically equaled a listing (Tr. 17-18). Further, while the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, he

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

also concluded Plaintiff's statements concerning the intensity, persistence, and limiting effect of those symptoms were not credible to the extent they were inconsistent with the residual functional capacity (RFC) to perform limited light work.[3] The ALJ found Plaintiff: (1) must be able to use a cane to access to and from his workstation area on level ground; (2) cannot perform work that requires climbing ladders, ropes or scaffolds; (3) can engage in no more than occasional climbing of ramps or stairs; (4) can perform no more than occasional balancing, stooping, crouching or crawling; (5) limited to simple, routine and repetitive tasks, where supervision is simple, direct and concrete; and (6) work jobs with specific vocational preparation 1 or 2 with the ability to be learned within 30 days and interaction with the general public should not be required (Tr. 19). At step four, the ALJ found Plaintiff could perform his past relevant work as an inserting machine operator; therefore, the ALJ found Plaintiff was not under a disability (Tr. 24-26).

**Standard of Review**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000); 42 U.S.C. § 405(g). "Substantial evidence" in this context is less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words,

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b); 416.967(b).

it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted)  The Court does not "reweigh the evidence presented to the ALJ," *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo."  *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)).  Instead, if, after reviewing the evidence, the Court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the Court] must affirm the [Commissioner's] denial of benefits."  *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010) (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)).  This is true even in cases where the Court "might have weighed the evidence differently." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)).  The Court may not reverse the Commissioner's decision "merely because substantial evidence exists for the opposite decision.  *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## Arguments on Appeal

Plaintiff contends the Commissioner's decision he is not disabled is not supported by substantial evidence on the record as a whole. (Plaintiff's Brief, Doc. No. 12) Specifically, Plaintiff argues the Commissioner's decision must be reversed on three different grounds:

4

(1) his schizoaffective disorder meets Listing 12.03; (2) the ALJ's mental RFC is not supported by substantial evidence; and (3) the ALJ erred in affording licensed clinical social worker (LCSW) Leslie Galloway's opinion "some weight" *Id.* at 11.  Substantial evidence supports the Commissioner's decision.

**1.     Listing 12.03**

Plaintiff argues first the ALJ erred in failing to find he met Listing 12.03.  The burden of proof is on the claimant to establish that his impairment meets or equals a listing of impairments. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004).  "To meet a listing, an impairment must meet all of the listing's specified criteria". *Id.*

Plaintiff claims he met both the A criteria and the C criteria of the listing due to the medical documentation of his visual and auditory hallucinations and the serious and persistent nature of his condition.  The ALJ did not address whether Plaintiff met the paragraph A criteria of Listing 12.03.  Instead, the ALJ found Plaintiff did not meet either listing because the listing's other requirements were not met.

In addition to demonstrating the existence of the paragraph A criteria, to meet Listing 12.03, a claimant must meet either the paragraph B or the paragraph C criteria. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.03.  Paragraph A is satisfied by showing medical documentation of (1) delusions or hallucinations, (2) disorganized thinking (speech), or grossly disorganized behavior or catatonia.  Paragraph B criteria are satisfied by showing either "extreme limitation of one" or "marked limitation of two" of the following areas of mental functioning: (1) understanding, remembering, or applying information, (2) interacting

with others, (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. The ALJ found Plaintiff's suffered moderate limitation in interacting with others and adapting or managing oneself, but mild limitation with regard to concentrating, persisting, or maintaining pace. Plaintiff does not challenge this finding on appeal. The paragraph C criteria are satisfied by showing a medically documented history of the existence of the disorder over a period of at least two (2) years, and evidence of both: (1) medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder, and (2) marginal adjustment, as demonstrated by minimal capacity to adapt to changes in the environment or to demands that are not already part of the claimant's daily life. The ALJ found Plaintiff did not meet the paragraph C criteria for Listing 12.03 because Plaintiff "does not have a medically documented history of the existence of the disorders over a period of at least two years, along with evidence of both (1) medical treatment, mental health therapy, psychosocial support, or a highly structured setting that is ongoing and that diminishes the symptoms and signs of his mental disorder; and (2) marginal adjustment, or minimal capacity to adapt to changes in his environment or to demands that are not already part of his daily life" (Tr. 19).

"Marginal adjustment" means the claimant's adaptation to the requirements of daily life is "fragile," that is, the claimant has minimal capacity to adapt to changes in his environment or to demands not already part of his daily life. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(G)(2)(c). The ALJ will consider that a claimant has achieved only marginal

adjustment when the evidence shows changes or increased demands have led to exacerbation of symptoms and signs and to deterioration in functioning, for example, where a claimant is unable to function outside of the home or a more restrictive setting without substantial psychosocial supports. *Id.* This deterioration may have necessitated a significant change in medication or other treatment or, because of the nature of the mental disorder, evidence may document episodes of deterioration that have required hospitalization or absences from work, making it difficult to sustain work activity over time. *Id.* Psychosocial supports as used in 12.00D means "[y]ou receive help from family members or other people who monitor your daily activities and help you to function." 20 C.F.R. §§ 404 Subpt. P, App'x 1, 12.00D (2018). "For example, family members administer your medications, remind you to eat, shop for you and pay your bills, or change their work hours so you are never home alone." *Id.*

In this case, the ALJ's consideration and discussion of the medical evidence does not show Plaintiff met the criteria for Listing 12.03. Plaintiff can engage in normal activities such as driving, watching television, playing video games, doing household chores, and helping in the kitchen with cooking and cleaning (Tr. 22, 38, 43, 416-418, 660-661). He can also engage in outdoor housework. In October 2015, while working on a house, he fell through the rafters and injured his back, requiring medical attention (Tr. 511). Plaintiff testified he keeps up with his prescription medications himself (Tr. 43). Thus, Plaintiff has failed to demonstrate that he suffers from any severe impairments contained in the Listings.

In summary, and as discussed further below, the medical evidence indicated Plaintiff was malingering and only mildly to moderately limited.

## 2.     **Mental RFC**

Plaintiff argues next that the ALJ's mental RFC failed to consider the effects of his illness on him in a work environment and instead focused on his functioning within the home. Here, the record evidence supports the ALJ's mental RFC determination.

RFC is the most a person can do despite that person's limitations. *See* 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). It is assessed using all relevant evidence in the record. *Id.* This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms, such as pain, are also factored into the assessment. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003).

The consultative psychological examination of Charles Spellman, Ph.D., found Plaintiff to be malingering and exaggerating his symptoms (Tr. 493). The ALJ may discount Plaintiff's allegations if there is evidence Plaintiff is a malingerer or was exaggerating symptoms for financial gain. *See Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). When he went to retrieve Plaintiff from the waiting room for his examination, Plaintiff stood up and stumbled toward him and called out loudly "oh my God, the pain is so bad" (Tr. 490).

Plaintiff continued to make pain sounds as he continued to walk. *Id.* Plaintiff informed Dr. Spellman that he was often distracted by voices that tell him to steal or do bad things to people. *Id.* He notified Dr. Spellman that he lived with a roommate, could drive but lost his license due to a motor vehicle accident, went to church, had friends, and liked to watch television. *Id.* Dr. Spellman noted on occasion Plaintiff would exclaim "oh my gawd!" as if he were remembering the pain (Tr. 491). Dr. Spellman found Plaintiff's thoughts to be logical, relevant and goal directed; he determined Plaintiff could talk sensibly but at times would seem to forget he was not supposed to be sensible. *Id.* Plaintiff told Dr. Spellman that he heard voices telling him to harm people, saw auras around people telling him if they were good or bad, and saw ghosts and dead people when asked about them (Tr. 491-492). Dr. Spellman expounded "I had the feeling if I had asked him about other things he would have told me he experienced them also" (Tr. 492).

The ALJ also accounted for Plaintiff's assertion that he had difficulty interacting with others by limiting his work to not require any interaction with the public, and due to Plaintiff's assertion that he was limited in his ability to follow both written and spoken instructions, completing tasks and avoiding distractions, the ALJ limited Plaintiff to specific vocational preparation 1or 2 jobs that can be learned within thirty days where simple, direct, and concrete supervision was provided (Tr. 19). The ALJ noted Plaintiff's ability to tend to his personal hygiene even though he put little effort into doing so (Tr. 22). He further took note of Plaintiff's medication compliance as well as his therapy sessions with licensed clinical social worker, Leslie Galloway. *Id.* Reviewing those records, the ALJ noted

9

Plaintiff had not been hearing voices and his medication seemed to be working. *Id.* In April 2017, Plaintiff continued to have auditory hallucinations, but Ms. Galloway noted that his medication had been helpful (Tr. 658) Galloway found Plaintiff was cooperative and his mood was good. *Id.* An impairment controlled by medication or treatment is not considered disabling. *Perkins v. Astrue*, 648 F.3d 892, 901 (8th Cir. 2011) (citing *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010)).

In sum, the ALJ properly considered all of the medical and other relevant evidence of record in making his mental RFC determination, including Plaintiff's descriptions of limitations, observations of treating and examining physicians and others, and medical records including any observations therein. Plaintiff has not provided any information to indicate that additional limitations were necessary. Substantial evidence supports the mental RFC determination because it is supported by medical evidence that is sufficiently clear to allow for an understanding of how Plaintiff's limitations function in a work environment. *See Cox v. Astrue*, 495 F.3d 614, 620 n.6 (8th Cir. 2007).

**3.    Opinion of LCSW Galloway**

Plaintiff's final argument is that the ALJ erred in affording Ms. Galloway's opinion only "some weight." On April 10, 2017, Ms. Galloway wrote a letter giving her opinion that Plaintiff would not do well in a work environment (Tr. 640). She outlined her treatment with Plaintiff and his medications, noting he was compliant with his medication regime and does better in quiet settings. *Id.* The ALJ indicated that he

> considered her allegations that the claimant has poor hygiene, has some

10

> memory issues, and does better in a quiet setting. Therefore, the undersigned finds that the claimant is limited to simple, routine, and repetitive work that can be learned within 30 days and where simple, direct, and concrete supervision is provided. The undersigned gives no weight to Galloway's allegations that the claimant is unable to work in any employment situation, as the limitations outlined by Galloway do not appear severe enough to preclude all employment, since she reports that he does well with therapy and is complaint with his medication. Therefore, only some weight is [given] to the statement completed with Galloway.

(Tr. 23) The undersigned finds no error.

Galloway, as a licensed social worker, is not classified as an "acceptable medical source" under the Social Security Regulations. *See* 20 C.F.R. §§ 404.1502; 416.902; *see also Nowling v. Colvin*, 813 F.3d 1110, 1123 (8th Cir. 2016) (classifying a licensed clinical social worker/therapist as not an "acceptable medical source"); *Sloan v. Astrue*, 499 F.3d 883, 888 (8th Cir. 2007) (classifying licensed clinical social workers and therapists are "other sources" in contrast to "acceptable medical sources"); SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006) (providing that "other sources" include "[m]edical sources who are not 'acceptable medical sources,'" such as "nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists"). In *Sloan*, the Eighth Circuit explained:

> Information from these "other sources" cannot establish the existence of a medically determinable impairment, according to SSR 06-3p. Instead, there must be evidence from an "acceptable medical source" for this purpose. However, information from such "other sources" may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function.

499 F.3d at 888 (quotations omitted). In considering "other sources," the ALJ "may

consider, among other things, the length of treatment relationship, whether the opinion is consistent with other evidence, the evidence underlying the opinion, and the quality of the opinion's explanation." *Chesser v. Berryhill*, 858 F.3d 1161, 1166 (8th Cir. 2017) (citing SSR 06-3p). In determining the weight to be afforded to "other medical evidence," an "ALJ has more discretion and is permitted to consider any inconsistencies found within the record." *Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005).

At the outset, Galloway's opinion that Plaintiff is unable to work is of no special significance, given such a determination is identified in the regulations to be an opinion on an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527; 416.927. Having reviewed the entire record, the Court finds the ALJ properly considered Galloway's opinions in accordance with SSR 06-3p. The ALJ articulated good reasons for discounting her opinion, and for finding the opinion to be inconsistent with the record as a whole. *See Raney*, 396 F.3d at 1010 (providing that in considering the opinions of a medical source that is not an "acceptable medical source," an "ALJ has more discretion and is permitted to consider any inconsistencies found within the record"). Even if inconsistent conclusions could be drawn on this issue, the court upholds the conclusions of the ALJ because they are supported by substantial evidence on the record as a whole.

## Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the

record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the Commissioner's final determination and dismisses Plaintiff's Complaint with prejudice.

SO ORDERED THIS 7th day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE